May it please the Court, my name is Jennifer Paisner on behalf of the Respondent Alberto Gonzales. Couldn't stay away. I'm back for more. The key issue in this case, first of all, is the issue of exhaustion. And this Court has repeatedly recognized that exhaustion is a jurisdictional requirement and it is not waived simply because an alien appeared without counsel. And the controlling case for that proposition is Barron v. Ashcroft. What about excusing exhaustion because of what the I.J. said about taking care of the appeal for you? In the first place, there is, exhaustion is jurisdictional, it can't be excused. Never. What this Court has recognized is that when an alien is pro se, that an appeal can be construed liberally. But if the Court looks at the administrative record, and I'll take the Court through the administrative record, he never indicated to the immigration judge that he wanted to appeal the fact that he had to proceed pro se. He said a number of times I want to appeal, but it was in response to issues that didn't have anything to do with the right to counsel. And I think it's undisputed that there's no mention whatsoever in his appeal to the Board of the right to counsel. And in Barron, this Court stated, What did the I.J. say here? Well, the I.J. said well, the first time he mentioned he wanted to appeal was at the very beginning of the hearing. And I was, I believe it was before there was any discussion at all about whether he had tried to obtain counsel. Hold your horses. It was, it's at page 63 of the administrative record. 63? Yes. Right, that was to hold your horses. And that was before there was any discussion of counsel. So to suggest that he was indicating his desire to appeal, the fact that he hadn't been able to obtain counsel when there hadn't been any discussion of counsel, doesn't make any sense. And the second time is at pages 71 to 72 of the administrative record. And that's right after he said 71 to 72. That's right after he said that he needs advice to answer any questions. And first of all, it's not even clear that that is requesting counsel. He's simply saying he needs advice. Where are you reading on page 71? I'm sorry. It's line 17 of page 71 of the administrative record. Line 17. Okay. I need advice to answer any questions. And the judge says, I'm sorry. And then he says, I said I must answer some questions. And then the immigration judge does what he asked and explains to him how the hearing is going to proceed. And he asks him whether he understands. There's no audible response. He then asks him again, do you understand? I'm going to ask you to answer the allegations on the charging document. And then, if necessary, I will take your testimony here in this matter. Do you understand? And then he says, yeah, but I want to appeal. There's no indication that what he's saying is I want to appeal the fact that I have to      Why not? Why not? Why not? Why not? Why not? Why not? Why not? Why not? Why not? Why not? Why not? Wasn't that his complaint? He needs some advice? Well, first of all, his complaint was before the immigration judge then explains that they're going to take his testimony. I mean, the statement, I want to appeal, Is he saying, I need some legal advice here? No, he says, I need advice to answer questions. What does that mean? Well, it could mean that, and the immigration judge interprets it as meaning, that he wants the immigration judge to explain to him how the hearing is going to proceed. There's no mention of counsel. Our position is that that does not, I need your advice as to how I should answer the questions? All he says is, I need advice. And then the immigration judge explains to him how the hearing is going to proceed. And then he says again, I want to appeal. Our position is that, in the first place, that is not an indication to the immigration judge. That is the only place in the entire administrative record that could even be liberally, extremely liberally construed as raising the issue of counsel. Our position is that it doesn't. In any event, that doesn't excuse the requirement that he have raised this issue in some way, shape, or form to the board. That's a jurisdictional requirement and he doesn't raise it. Where is it that R.J. says, I'll take care of the appeal for you? I got it on page 80, I guess. I don't. Mr. Joseph, I've signed a memorandum order of this decision. I've noted your pleadings established irremovable. I also noted after reviewing, blah, blah, blah, the court is going to publish the decision. A copy will be given to the government. I note, I think I can figure out by your comments already, you wish to reserve an appeal. I will reserve appeal on your behalf. Okay. I believe so. What does that mean? How do you reserve an appeal on your behalf, sir? Well, I believe normally what happens is the alien has to say, I wish to reserve appeal. And here, presumably because he was proceeding per se without a lawyer and he had stated numerous times that he wanted to appeal, the immigration judge said for him, I will reserve appeal on your behalf. And then I'm giving you the packet. You've got to fill it out. It has instructions. You can follow the instructions. You write specifically the reason or the reasons why you thought my decision was wrong or in your case or unfair.  I assume you're addressing to Falls Church, Virginia. Mm-hmm. Yes. So what does that generally do to preserve his appeal? He preserved his right to appeal. He still has to fill out the, I mean, the immigration judge can't appeal the case for him to the board. Ordinarily, somebody says, I want to appeal or a lawyer says, I want to appeal. And the judge here is just saying, I'm doing that for you. Here's your packet. Right. If you don't preserve your right to appeal, you waive appeal. You waive your right to appeal to the board. So the immigration judge was simply preserving. Other than filling out a package, what else was Petitioner supposed to do to preserve his right to appeal? He preserved his right to appeal. He had to raise the issue of counsel to the board. He had to mention it to the board. He filed a brief. You didn't hear my question. Okay. You didn't answer my question. Other than filling out an appeals packet, is there anything else Petitioner has to do to preserve his right to appeal? Does he have to say exception, Your Honor? Does he have to file a notice of appeal? Yes. I believe what happens, and I don't practice in front of the immigration courts, but what I've seen happen is that he has to preserve his right to appeal at the conclusion of the hearing. Then within the specified time. What does that mean? He has to say, I wish to preserve my right to appeal, I believe. All right. Now we're on ice. It's not even, yeah, you believe. Are you scrambling here to come up with an answer? What happens? You don't know. Do you know? Do you know what happens? To preserve the right to appeal. May the record reflect stuns. Again, I don't practice in front of the immigration court. What I believe, I mean, it's only. On the basis of who you believe that. Have you read the statutes? Are you familiar with the procedure of the process? I'm not trying to cause you trouble. We just don't know what happens. Well, but there's no question that he didn't preserve his right to appeal in this case. He did. We don't contend that he didn't. Well, the I.J. says, I will do it for you. And I don't know what this do it for you refers to. So we can't tell whether the I.J. did what he said he would do or failed to do it. And you don't even know if it's to be done. And, you know, we don't practice in front of the BIA either. I can assure you that. And we don't even talk to people who do. You probably do a lot more often than we do. And you don't know the answer to this. Well, because with all due respect, I believe that the issue. I believe a lot of things, too. Most of them are wrong. I mean, you got to. You got to explain to us why you don't know. Well, because in this case, it's the only relevant fact or the. It cannot happen that the immigration judge appeals the aliens case for him to the board. All this was preserving. I.J. says he's going to do something for the I.J. At the conclusion of the hearing and the immigration judge's decision. It says whether or not the alien has preserved his right to appeal the decision or has waived it. Now, what I'm not clear is whether it's done orally. What I've seen is that it's done orally at the conclusion of the hearing. The immigration judge asks the alien, do you wish to reserve your right to appeal? The alien either says yes or no. I waive appeal. The immigration judge then. There's an oral decision and there's usually a written summary of the decision. And the written summary of the decision states whether or not at the very end. This is at the administrative record, page 26. It's the order of the immigration judge. The very last sentence, appeal. And then there are two choices, waived or reserved. Appeal due by May 19th, 2004. Here it's circled, appeal reserved. His appeal was due by May 19th, 2004. That's all that happens at the conclusion of the hearing before the immigration judge. The alien. It doesn't happen. It's a bar to appeal. That's correct. But here, there's no question. I found this shaking her head, yes. I think we have an expert in the courtroom. I don't make it up. Here we go. I mean, but there is no question here. Identify yourself. We recognize you, but identify yourself. Yeah, I'm going to identify myself for those people listening to the tape. Mary Jane Kondo with the Office of Immigration Litigation in the Department of Justice. You argued the prior case. I did, Your Honor. That's how come we recognize you. Yes, Your Honor. I mean, we have a visual on you. Yes, and to the extent it would help the court, I'd be happy to explain. Yes, that would be helpful. I started out in 92, and I worked two years as a trial attorney for the Immigration and Naturalization Service. So for that reason, I'm familiar with what happens. And essentially what counsel has said is correct. What happens is at the end of the hearing, practically speaking, the judge says to both sides, not just the petitioner, they call them the respondent at that point, but also to the government, does the respondent reserve appeal or waive? Usually they say, do you reserve appeal? And both sides have to say, we reserve, we don't reserve. There's a reference to the government not reserving the right to appeal. Yes, Your Honor, that's right, because the decision wasn't adverse to the government. And what happens is if both sides at that point, they have to answer, they reserve or they waive. If they don't reserve appeal, they can't appeal. So that's in the nature of a contemporaneous objection requirement. It's something that you have to put on the record at the time. Yes, exactly. Okay. Exactly. And as she noted, it's noted in that short one-page memorandum. The oral decision is the decision of the IJ. And if I understand correctly, then just saying appeal doesn't say what, grounds? No. No. No. They never do. It's just yes or no. Do you reserve appeal, yes or no? There's a package, and you've got to say why when you fill this out. Exactly. Exactly. The reasons are given in writing in that package, and then whoever appeals, they have to put their reasons on that. And in addition, they can expand on that in a brief. Thank you. I think we're enlightened. Thank you. Okay. Anything further? We also believe, I mean, even if the court finds that there was no failure to exhaust, that the immigration judge did not abuse his discretion in continuing the hearing after giving the petitioner four-and-a-half months to obtain counsel, and after the petitioner had already said, I called everybody on the list you gave me, nobody was willing to help me, and I don't have enough money to obtain counsel. He says, I don't yet have money. I don't yet have money. And he gave no indication that he would, at any time in the near future, have enough money. Well, we don't know. I mean, he didn't volunteer it, but people often don't volunteer things. And the question is, was the IJA before saying, okay, essentially this was not a waiver. It was a, you know, the IJA basically said you're going to go forward per se. Before the IJA can do that, does the IJA have to explore what progress the petitioner has made and how close he is to getting enough money to do it, you know, that kind of thing. I don't know. It's an issue. Well, you would say we don't get into it at all because we don't have jurisdiction. We would. And Poteci says, well, if there was a defect in this, then that paints everything down the road, including the failure to preserve the issue. Well, he does. We would suggest that this Court's decision in Baron controls. Better to exhaust no excuse. And in Baron, the issue was they had to proceed without counsel. Counsel didn't show up at the hearing, and so they were forced to proceed per se. Thank you. Thank you. You can have a minute. You have more than your share of time. I thank the Court. In Buat, and I acknowledge that there were differences in the facts, but nonetheless, in Buat, this Court did identify the unwitting waiver of appeal as one of the prejudicial effects stemming from the denial of the right to counsel. That is at page 1100. And I think that is exactly what occurred in this case. Unwitting waiver of right to appeal? Yes. They used the phrase unwitting waiver. In other words, essentially where a petitioner who has been denied the right to counsel then, without counsel, kind of stumbles along the path trying to represent himself and doesn't realize that he's blown an issue. That is a prejudicial effect stemming from the denial of the right to counsel. In general, this circuit has left open the question of whether prejudice need be shown. A number of cases have acknowledged that it is open. I would suggest that this circuit should join with the Second and Seventh Circuits in saying that if there is a denial of the right to counsel, there is an automatic remand for a clean slate on the grounds that this is too important an area where we should send a signal that the immigration courts should have heightened scrutiny on due process issues. But if they somehow think that a case is overall weak, they're not going to be held accountable if they deny due process. It's the equivalent of structural error where you do not use harmless. Indeed. Yes. I just think that this would be a poor error to bring in harmless error. And it would also put an unreasonable burden on this Court, which carries, as I need not say, more than its fair share of the burden of dealing with immigration cases, if this Court had to examine in every case where there was a due process violation whether, had there not been a due process violation, the case might have ended up differently. But you're borrowing us another sort of trouble, and that is figuring out whether the IJ asked the right sequence of questions and whether inquired deeply enough into the circumstances of the petitioner as to justify simply saying no more continuances. And that sounds to me like a hairy process. Well, I think the IJ needed to have asked those questions. That's what this Court has obligated him to do, where there is no waiver. And I sense that the Court, from its questions, might be inclined to agree that there was not a waiver. And if that were the case, then the IJ was obligated to make these inquiries. And here the problem is the inquiries were not made, and therefore I think it should be remanded. I understand your position. Thank you very much. This side will stand submitted. We are adjourned.
judges: Kozinski, Trott, Bea